IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Charles Gary Singletary, III, | ) | |
| | ) | C.A. No. 9:21-03055-HMH |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Jackson, | ) | |
| | ) | |
| Respondent. | ) | |

      This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Molly H. Cherry made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Charles Gary Singletary, III ("Singletary") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In her Report and Recommendation filed on November 14, 2022, Magistrate Judge Cherry recommends granting the Respondent's motion for summary judgment and dismissing Singletary's petition with prejudice.  (R&R, generally, ECF No. 29.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Singletary filed timely objections to the Report and Recommendation.[2]  (Objs., ECF Nos. 37,[3] 38.)  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Singletary's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  Singletary raises an objection related to his change of address and his incorrect belief that he missed a deadline in September 2022 because the court was unaware of his address change.  For clarification, the motion for summary judgment was filed on March 16, 2022.  (Mot. Summ. J., ECF No. 21.)  On March 18, 2022, the court issued a Roseboro order containing a summary judgment explanation and directing Singletary to respond in 31 days.  (Roseboro Order, ECF No. 22.)  Singletary filed a response in opposition to the motion for summary judgment on March 30, 2022.  (Resp. Opp'n, ECF No. 26.)  There was no court deadline in September 2022.  The Report and Recommendation was issued on November 14, 2022.  (R&R, ECF No. 29.)  Subsequently, on November 30, 2022, the court discovered that

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

[3] Singletary filed two untitled documents, the first objecting to the Respondent's motion for summary judgment and the second objecting to the Report and Recommendation.  The court construes both of these documents as objections to the Report and Recommendation.

Singletary's address had changed and the court re-mailed the Report and Recommendation on November 30, 2022, and extended the time to file objections until December 13, 2022. (Nov. 30, 2022 Order, ECF No. 34.)  Singletary filed timely objections that were received on December 2 and 12, 2022.  (Objs., ECF Nos. 37, 38.)  Based on the foregoing, Singletary's objection regarding the change of address and belief that he has been prejudiced due to a missed deadline in September 2022 is wholly without merit.

Further, although his intent is unclear, to the extent Singletary is attempting to raise new claims for relief in his objections, the court declines to allow Singletary to raise new claims for the first time in his objections.  Samples v. Ballard, 860 F.3d 266, 275-76 (4th Cir. 2017) (holding that a district court is not required to consider new issues, or claims, raised for the first time in objections to a Report and Recommendation).

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Cherry's Report and Recommendation and incorporates it herein.

3

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 21, is granted and Singletary's § 2254 petition, docket number 1, is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Singletary has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

            s/Henry M. Herlong, Jr.
            Senior United States District Judge

Greenville, South Carolina
December 12, 2022

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.